IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

WILLIAM RODRIGUEZ ALGARIN
Plaintiff

vs

UNITED STATES OF AMERICA
Defendant

CIVIL 18-1609CCC
(Related Cr. 13-0721CCC)

## ORDER

Petitioner William Rodríguez Algarín filed a pro se Motion under 28 U.S.C. § 2255 (**d.e. 1 and d.e. 6**) alleging that A.F.P.D. Yasmín Irizarry who represented him in Criminal No. 13-721(CCC) provided ineffective assistance of counsel. Petitioner was charged on October 3, 2013 in a one-count Indictment for violation of 18 U.S.C. § 2423(a) which provides:

> Transportation with intent to engage in criminal sexual activity.--A person who knowingly transports an individual who has not attained the age of 18 years in interstate or foreign commerce, or in any commonwealth, territory or possession of the United States, with intent that the individual engage in prostitution, or in any sexual activity for which any person can be charged with a criminal offense, shall be fined under this title and imprisoned not less than 10 years or for life.

Specifically, he was charged with transporting, on or about September 30, 2013, a 14-year old female within the Commonwealth of Puerto Rico with the intent to engage in sexual activity. On March 4, 2014, he pled guilty to the only charge of the Indictment pursuant to a Plea Agreement which was supported by a statement of facts signed by defendant William Rodríguez Algarín and his attorney Yasmín A. Irizarry. The statement of facts sets forth specific allegations describing Rodríguez Algarín's conduct just days before the offense was committed and on September 30, 2013, the date of the offense.

He admitted having knowingly transported a 14-year old minor within the Commonwealth of Puerto Rico with the intent that she engaged in sexual activity. The facts admitted by defendant in the synopsis filed on March 4, 2014 as docket entry 22 in Criminal No. 13-721 provide details of where he met with the minor, that once she was in his vehicle "he transported her to his residence in Coamo, P.R." in his sports utility vehicle."

Petitioner filed a memorandum in support of his section 2255 Motion on August 28, 2018. He engages in an extensive discussion of his views of the status of Puerto Rico, and concludes that "none of the post-1952 amendments to section 2423(a) indicate a Congressional intent to treat Puerto Rico as a territory under that section." (d.e. 1-1, at p. 14). He framed the question as follows: "whether the term 'any commonwealth, territory or possession' in section 2423(a) applies to intra-Puerto Rico transportation."

Before the Court is a Motion to Dismiss filed by the United States averring that petitioner makes no attempt to meet his burden of establishing his entitlement to relief (**d.e. 4**). In his reply filed on January 22, 2019 (d.e. 7), he claims that his counsel Yasmín Irizarry should have objected to the imposition of an enhancement and failed to do so. This is a matter that Mr. Rodríguez Algarín should have raised on appeal.

The facts supporting the allegations of the Indictment for violation of 18 U.S.C. § 2423(a) to which Rodríguez Algarín pled guilty are clearly defined in his Plea Agreement and in the statement of facts submitted in conjunction with the same. He admitted in the statement of facts and in the change of plea proceedings that he knowingly transported, as charged, a 14-year old minor in

the Commonwealth of Puerto Rico with the intent to engage in sexual activity with her.  Notwithstanding his arguments on the status of Puerto Rico, the undisputed fact remains that as contemplated in section 2423(a) he transported the minor in the Commonwealth of Puerto Rico to engage in sexual activity.  He offers no basis, except for political arguments, that would lead this Court to conclude that the statement of facts in support of his plea of guilty which states that the transportation occurred within a commonwealth, in this case the Commonwealth of Puerto Rico, should be discarded.

For the reasons stated, it is ORDERED and ADJUDGED that the pro se Motion Under 28 U.S.C. § 2255 (**d.e. 1 and d.e. 6**) be DISMISSED.  Judgment shall be entered accordingly.

It is further ORDERED that no certificate of appealability shall be issued as petitioner failed to make a substantial showing of the denial of a constitutional right as required by 28 U.S.C. § 2253(c)(2).

SO ORDERED.

At San Juan, Puerto Rico, on April 2, 2019.

S/CARMEN CONSUELO CEREZO
United States District Judge